IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MOYA MICHAEL ALONZO AGENCY,
Non-Individual,

    Appellant,

v.                                            CIV 18-0177 JCH/KBM

THE STATE OF NEW MEXICO,
THE UNITED STATES, and
THE UNITED STATES TRUSTEE,

    Appellees.

## ORDER DISMISSING BANKRUPTCY APPEAL

THIS MATTER is before the Court on a bankruptcy appeal filed by Appellant Moya Michael Alonzo Agency ("Appellant"). In the Clerk's Certificate of Service of Notice of Appeal and Election to Have Appeal Heard by District Court, the bankruptcy court clerk indicates that she is "unable to determine what document is being appealed." *See In re Moya Michael Alonzo Agency*, 18cv0177 JCH/KBM, *Doc. 1* (D.N.M. Feb. 22, 2018). From what the Court can surmise, Appellant appears to be appealing the Order Dismissing Case with Prejudice and Sanctioning Cynthia Moya and Mike Moya, which was entered by the Honorable David T. Thuma of the United States Bankruptcy Court for the District of New Mexico in case number 17-13261-ta7. *See In re Moya Michael Alonzo Agency*, 17-13261-ta7, *Doc. 16* (Bankr. D.N.M. Feb. 5, 2018). On February 27, 2018, the instant case was referred to the Honorable Karen B. Molzen for a recommended disposition. *In re Moya Michael Alonzo Agency*, 18cv0177 JCH/KBM, *Doc. 2*

1

(D.N.M. Feb. 27, 2018). Following a *sua sponte* review of this case, however, the Court now revokes its Order of Reference and instead enters this Order Dismissing the Bankruptcy Appeal.

Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), a notice of appeal must be filed with the bankruptcy court clerk within 14 days of a judgment, order, or decree by the bankruptcy court. Appeals from final judgments and orders are heard by the Bankruptcy Appellate Panel unless the "the appellant elects at the time of filing the appeal; or . . . any other party elects [within] 30 days . . . to have such appeal heard by the district court." *See* 28 U.S.C. § 158(c)(1). Federal Rule of Bankruptcy Procedure 8005(a), in turn, provides that when electing to have an appeal heard by the district court, rather than the Bankruptcy Appellate Panel, an appellant must file a statement of election that "conforms substantially to the appropriate Official Form . . . [and] do so within the time prescribed by 28 U.S.C. § 158(c)(1)." In the case of a bankruptcy appeal, the appropriate Official Form is B417A, which is entitled "Notice of Appeal and Statement of Election." *See* Bankruptcy Appellate Form B417A, available at http://www.uscourts. gov/forms/ bankruptcy-forms (attached hereto). Part 4 of this form contains a check-box, where appellants may "elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel." *Id*. at 2.

Here, although Appellant filed a purported "Waiver of the Bankruptcy Appellate Panel" which asserts a "right to an appeal before the district court," (*Doc. 1-2* at 1), Appellant did not use a form that appears to "conform[] substantially to the appropriate Official Form." *Compare* Bankruptcy Appellate Form B417A at 2 *with In re Moya Michael Alonzo Agency*, 18cv0177 JCH/KBM, *Doc. 1-2* (D.N.M. Feb. 22, 2018). As such, it was not immediately apparent whether Plaintiff had made a **valid** election to have the appeal heard by this Court. The Bankruptcy Court Clerk then chose to transmit Appellant's Notice of Appeal to both this Court as well as to the

2

Bankruptcy Appellate Panel.[1] *See In re Moya Michael Alonzo Agency*, 18cv0177 JCH/KBM, *Doc. 1* (D.N.M. Feb. 22, 2018); *In re Moya Michael Alonzo Agency*, BAP Appeal No. NM-18-016, *Doc. 1* (10th Cir. B.A.P. Feb. 21, 2018). Consequently, the same appeal is now currently pending before both courts.

The Bankruptcy Appellate Panel's docket indicates that Appellant's election to have the appeal heard by the district court, although timely, was "improper as Appellant failed to include statement of election in the notice of appeal." See *In re Moya Michael Alonzo Agency*, BAP Appeal No. NM-18-016, *Doc. 2* Docket Entry (10th B.A.P. Feb. 22, 2018). The court notes that the Bankruptcy Appellate Panel has previously found invalid a purported election to have an appeal heard by a district court absent the use of Form B417A. For instance, in *In re Leonid Shifrin*, BAP No. CO-17-012, 2017 WL 4161897 (10th Cir. B.A.P. Sept. 20, 2017), the appellant, like Appellant here, filed a separate document apart from his notice of appeal in which he purported to elect to have his appeal heard by the district court. *Id.* at n.18. The Bankruptcy Appellate Panel immediately determined that the attempted election was invalid pursuant to Rule 8005-1(a) of the Tenth Circuit's Local Rules of Bankruptcy Procedure, which requires the statement of election to be included in the notice of appeal. *Id*. When the appellant amended his notice of appeal to include an election, the court denied the election as untimely pursuant to 28 U.S.C. § 158(c)(1)(A), and the appellant's appeal continued before the Bankruptcy Appellate Panel.

---

[1] Subsequent to the filing of this Bankruptcy Appeal, the District of New Mexico Bankruptcy Court implemented a protocol similar to a protocol used in the District of Colorado, whereby the bankruptcy court clerk will transmit a notice of appeal to only the Bankruptcy Appellate Panel when an appellant does not use the Official Form. Thereafter, the Bankruptcy Appellate Panel will determine whether a valid election was made to have the appeal heard by the district court and, if so, the Bankruptcy Appellate Panel will instruct the Bankruptcy Court Clerk to transmit the notice of appeal to the district court.

In order to avoid inconsistent rulings by two different courts, this Court concludes that the best course is to dismiss the instant bankruptcy appeal, allowing the Bankruptcy Appellate Panel to determine in the first instance whether Appellant has made a valid election to have its appeal heard by the district court. Appellant may object to any determination by the Bankruptcy Appellate Panel that no valid election was made, and it may do so in that forum.

Wherefore,

**IT IS HEREBY ORDERED** that this appeal is dismissed.

_____
UNITED STATES DISTRICT JUDGE